# ELECTRO STEEL COMPANY *v.* LINDENBERG STEEL COMPANY.

TRADEMARKS; DESCRIPTIVE NAMES; RIGHT TO OPPOSE REGISTRATION.

1. The word "electro," as applied to steel, is descriptive, implying that the product to which it is applied is the product of an electrical furnace, and is therefore not registerable as a trademark.

2. A company engaged in the business of selling steel of various kinds, and which advertises and sells steel which is the product of an electrical furnace, as "electro" steel, and receives orders from customers for steel of that kind under that name, has a sufficient interest in the word to entitle it to apply for the cancelation of the registration of the word as a trademark by a rival company,—especially where the latter has notified the trade that any other dealer than itself offering electro steel for sale will be liable for appropriation of its trademark. (Citing *Natural Food Co.* v. *Williams,* 30 App. D. C. 348; *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337; and *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33 App. D. C. 224.)

No. 956.    Patent Appeals.    Submitted January 14, 1915.    Decided March 1, 1915.

HEARING on an appeal from the decision of the Commissioner of Patents canceling the registration of a trademark.

*Affirmed.*

The facts are stated in the opinion.

*Mr. Grafton L. McGill* for the appellant.

*Mr. Perry B. Turpin* and *Mr. John K. Brachvogel* for the appellee.

Mr. Chief Justice Shepard delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents canceling the registration of a trademark.

August 27, 1907, Hammacher Delius & Company registered the word "electro" as a trademark for steel.

The Lindenberg Steel Company applied for the cancelation of this registration August 8, 1912.

The Lindenberg Steel Company alleged in its application for cancelation that it and its predecessors in business have since the year 1902 been engaged in the business of selling steel in billets, bars, tubing, sheets, plates, disks, and forgings consisting of electro tool steel, high speed steel, nickel chrome steel, nickel steel, chrome steel, magnet steel, and silicon steel, largely the product of the steel works of Richard Lindenberg, of Remscheid-Hasten, Germany.

Since the introduction of the electric furnace in about 1902, the said work has been engaged in the manufacture of steel by this method, that is, the manufacture of "electro" steel. During this period, petitioner has been selling, as agent for said steel works, so-called electro steel continuously and extensively. The word "electro" has been registered by Hammacher Delius & Company for use in connection with steel in bars, billets, and ingots, and is alleged to have been used as a trademark in this business since 1904. Petitioner has used the expression "electro," not as a trademark, but as an adjective to designate steel of a certain kind; that is, steel produced in an electric furnace, and therefore steel which is manufactured and sold by a large number of people engaged in that industry. The alleged trademark of the registrants, consisting of the word "electro," is descriptive of the goods with which it is used, and not capable of exclusive appropriation.

The goods with which it is used are of the same descriptive properties, and are in fact identical with those with which petitioner has used the descriptive expression "electro" in busi-

ness, having extensively advertised its wares by means of the term "electro."

Petitioner's purchasing trade and the public in general have come to recognize "electro" steel as manufactured in the electric furnace, and that steel is ordered and specified by the purchasing public in that manner. Should registrants be permitted to retain their registration they would be in a position to prevent others from applying said mark to steel manufactured in the electric furnace, and would be in a position to institute expensive and troublesome litigation, basing their suits upon said registration, and attacking both the petitioner's purchasing trade, as well as the purchasing public in general, and they would be in a position to threaten and intimidate the purchasing public. In this way the business of petitioner would be seriously and permanently damaged; its sales of "electro" steel would necessarily fall off, and the purchasing public would be at a loss how to identify or designate the steel manufactured in the electric furnace, without circumlocution, if they wished to purchase such steel from other than registrants, and the trade and business of petitioner would be seriously injured were the registrants to be allowed to retain their registration of the word "electro."

The Electric Steel Company, successor to Hammacher Delius & Company, answered, denying that "electro" is descriptive when used in connection with steel, and that, irrespective of any meaning it may have come to possess, at the time of registration it was a trademark denoting origin.

Replication having been filed, proofs were taken by both parties.

The Examiner of Trademarks decided that the trademark should be canceled and this decision was affirmed on appeal to the Commissioner.

We agree with the tribunals of the Patent Office that "electro" as applied to steel is descriptive. To a purchaser of steel, or to one familiar with the steel industry, it would undoubtedly convey the impression that the steel to which it is applied is the product of an electrical furnace. The proof taken shows

this to be true.  Furthermore, it appears from publications in scientific journals prior to the registration, several of which are cited in the decision of the Examiner of Interferences, that "electro" is a common adjective meaning "pertaining to electricity."  It has long been the combining form for "electric," and is universally recognized as synonymous therewith. Words illustrating this are numerous and well known, *e. g.,* "electro-plate," "electro-magnet," "electro-metallurgy," "electro-chemistry," and others that might be mentioned.  "Electric" was certainly common property as descriptive of steel at the time of the registration, and "electro" was synonymous with it.  *McGrew Coal Co.* v. *Menefee,* 162 Mo. App. 209, 144 S. W. 869.

It remains to consider whether the Lindenberg Steel Company has such an interest in the subject-matter as entitles it to claim cancelation of the trademark "electro," notwithstanding its descriptive nature.  It is contended that the petitioner fails to show that it has ever affixed on its goods the word "electro" as a trademark or as a description of the goods, and has had, consequently, no such use of the word as would give it standing in this proceeding.

It is quite true that to have a right to cancel or oppose the registration of a trademark is dependent upon a showing of interest.  *McIlhenny* v. *New Iberia Extract of Tobasco Pepper Co.* 30 App. D. C. 337, 339.

It is not essential in all cases, however, that there should have been a strictly trademark use of the words by complainant.  Injury to its business might be otherwise shown.  *Natural Food Co.* v. *Williams,* 30 App. D. C. 348, 350.  The trademark involved in that case was "Shredded Whole Wheat," and it was said, page 350: "The evidence above briefly reviewed, we think, clearly establishes the fact that appellant was not the exclusive user of these words during the ten years' period. No claim is made of any attempt on the part of Williams to deceive the public, or that the product of his machines is not in fact as much entitled to be called 'shredded whole wheat' as is the product of appellant's machines.  That he did not use

the words as a trademark, but merely in a descriptive sense, is of no moment. He, in common with all other manufacturers of shredded whole wheat, had the same right to properly designate their product as did the Natural Food Company." See also *H. W. Johns-Manville Co.* v. *American Steam Packing Co.* 33 App. D. C. 224, 226. In that case the word "asbestos" was involved. It was shown that the American Steam Packing Company and its predecessors for about thirty-five years before the filing of the application had continuously used the word "asbestos" to designate engine and machinery packing sold by it. In considering the right to oppose, the court said (page 226): "It is also insisted by appellant that the opposer has no standing in this case, since it appears from the agreed statement of facts that the English word 'asbestos' had not been used by appellee as a trademark, but merely to designate engine and machinery packing made and sold by it. This, however, we think is a sufficient use of the word 'asbestos' to prevent the registration of appellant's mark under the ten years' clause of the trademark act, since the predominating characteristic of appellant's mark is the same word, merely in embellished letters, as the word used by appellee to designate its goods."

In the present case the Lindenberg Steel Company used the word "electro" as the name of the steel it was selling, and also in its advertisements and letters. The proof shows that this company sells electric steel as electro steel, and so represents it to purchasers through its selling agents, and buyers buy it as such. Orders by purchasers were shown in evidence, calling for electro steel. It is also shown that the respondent has notified the trade that any other person than itself offering electro steel would be liable for appropriation of its trademark "electro." It evidently intended, as far as possible, to establish a monopoly and to restrain the business of rival dealers, which would undoubtedly be an injury to the complainant. The complainant was engaged in selling the steel product of electric furnaces under the properly descriptive name of "electro steel." Its business was extensive, and would neces-

sarily have suffered if this unfounded claim of the trademark should be upheld.

The decision appealed from is affirmed. This decision will be certified by the clerk to the Commissioner of Patents, as required by law. *Affirmed.*